(15 Misc. Rep. 33.)

### FARLEY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Superior Court of New York City, General Term.    December 18, 1895.)

1. MUNICIPAL CORPORATIONS—INJURY TO FIREMAN—ACCEPTING PENSION.
Consolidation Act N. Y. § 519, provides that a fireman, in case of total permanent disability "caused in, or induced by, the actual performance of the duties of his position," shall receive from the city a pension equal to one-half his salary. *Held*, that such provision was in the nature of compensation for the unusual hazard and risk assumed in the employment, and that a fireman so disabled, and who accepts retirement on the pension provided, cannot maintain an action against the city for negligence in causing his injury.

2. SAME—CONTRIBUTORY NEGLIGENCE—ASSUMED RISK.
Plaintiff having been injured while driving a hose cart, as a fireman, in a dark street, at a speed greater than five miles an hour, which is pro-

hibited by section 1932 of consolidation act, and was manifestly dangerous, could only be considered free from contributory negligence on the ground that the unusual speed was required by his employment, in which case the attendant risk is assumed by him when he enters such employment.

Appeal from jury term.

Action by Lawrence P. Farley against the mayor, aldermen, and commonalty of the city of New York for personal injuries. From a judgment for $7,897.16 damages and costs, entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN and McADAM, JJ.

Francis M. Scott and T. Connoly, for appellant.
A. & C. Steckler, for respondent.

McADAM, J. The plaintiff was a fireman attached to engine company No. 20, being driver of the hose cart which formed part of the company's outfit. On November 20, 1892, upon the receipt at company quarters of an alarm of fire, at about 1:30 a. m., he got into his seat, and drove towards the fire as fast as he could; going through Marion street into Broome, east towards the Bowery. It was dark, and he could see nothing in front of him. While driving through Broome street the hose cart struck a truck stored upon the street, and the plaintiff was thrown to the ground, sustaining injuries from which he may never recover. He sued the municipality, and recovered a verdict for $7,500, which, under the circumstances, is not excessive. The action was brought, not on the theory of nuisance, but because of the defendant's alleged negligence in allowing the truck to remain in the driveway after the expiration of a time sufficient to imply notice to it of its presence there. Assuming that the city would be liable to a person using the highway in a prudent manner, the question remains whether the plaintiff, an employé of one of the departments of the municipality, is entitled to recover under the circumstances. A fireman's calling is hazardous, and, when he enters the service, it must be assumed that he takes upon himself all the attendant risks. Quickness in getting to fires is the prime essential of effective service, and the dangers incident thereto risks of the employment. That the position is one of danger is manifest from section 519 of the consolidation act, which provides in part as follows:

"In case of total permanent disability, caused in or induced by the actual performance of the duties of his position * * * the amount of annual pension to be allowed shall be one-half of the annual compensation allowed such officer or member as salary at the date of his retirement from the service," etc.

The plaintiff availed himself of this provision, and was retired on half pay, viz. $600 a year. If a private individual were injured by the negligence complained of, he would not be cared for in this manner, and the damages recoverable would be his only compensation. The consolidation act (section 1932) prohibits driving in the city at a greater rate of speed than five miles an hour. If a private individual were injured while violating this statute, and the violation in any manner contributed to the injury, no recovery could be had; and if, as in this case, the street was dark, and he could see nothing in

front of him, the violation would certainly be calculated to contribute to the accident. It is difficult to conceive any logical reason why the same result should not be reached here.

The next question is whether the statute is binding on the fire department. In Morse v. Sweenie, 15 Ill. App. 486, the appellate court of Illinois held that an ordinance of the city of Chicago as to immoderate driving was as binding upon the fire department as upon drivers of ordinary vehicles, and that the law did not recognize any privileged class, such as members of the fire or police department of the city, as possessing rights so superior to those of other citizens of the state as to exempt the former from the exercise of proper prudence and care in the use of the streets. The question there arose in an action against a fire marshal who, while driving to a fire, negligently ran into the plaintiff's team, but the underlying principle decided reaches this contention. If the rule were other than that laid down in the case cited, it would follow that the speed at which a driver drives his horses should be left to that care and caution which the exigencies of the occasion require. Thus, prudence would dictate that in a narrow street, or in a dark or crowded thoroughfare, he should not go with that rapidity warranted in a clear thoroughfare in broad daylight. If the plaintiff disregarded such considerations, he would be plainly negligent; and, if the imprudence would not be sufficient to prevent recovery of damages by him on the theory of contributory negligence, it would be because it is one of the risks incident to his employment, compensated for by section 519 of the consolidation act, supra. If the action had been for creating or maintaining a nuisance in the public highway, of which the plaintiff was unaware, and he had, without fault on his part, run the horses into a pitfall which the municipality had failed to guard, and he had not accepted compensation for the injury, a different question might arise.

It follows that the defendant's motion to dismiss the complaint should have been granted, and the exception to the refusal presents error for which the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.